UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HAFI A. EDGE,<br>    Plaintiff, | :<br>:<br>:   PRISONER CASE NO. |
| v. | :   3:12-cv-1075 (JCH)<br>: |
| CITY OF BRIDGEPORT, et. al.,<br>    Defendants. | :   DECEMBER 10, 2012<br>: |

INITIAL REVIEW ORDER

The plaintiff, Hafi A. Edge, currently incarcerated at the Carl Robinson Correctional Center in Enfield, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000).  The plaintiff names as defendants the City of Bridgeport, the Metro North Transit Authority ("MTA"), and MTA officers M. Stoehrer, L. Feliz and J. Kelly.  He asserts Fourth and Fourteenth Amendment claims of unreasonable search and seizure.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.  In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal,

556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

      The plaintiff alleges that, on November 7, 2009, defendants Stoehrer and Feliz were on duty at the Bridgeport train station.  They observed a black male standing over the plaintiff, who was asleep at the bottom of a staircase.  The officers suspected that the plaintiff was the victim of a robbery or assault.  Although the plaintiff explained that there had been no crime and he knew the other man, the officers continued to investigate and would not permit him to leave the area.  When the plaintiff walked away, he was detained and searched.  The officers found what appeared to be drugs in the plaintiff's coat pocket.  The officers took the plaintiff to the MTA police facility and charged him with possession of narcotics and sale of illegal drugs.  The Connecticut Department of Correction website indicates that the plaintiff was convicted of and currently is serving a sentence on this charge.  See www.ctinmateinfo.state.ct.us (last visited Nov. 29, 2012).

      The Supreme Court has held that a prisoner in state custody who brings an action under § 1983 for harm allegedly "caused by actions whose unlawfulness would render a conviction or sentence invalid" must show that such conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus." See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).  If the plaintiff were to show that his detention and the search of his person lacked probable cause and, therefore, that the drugs should have been suppressed, the validity of his conviction for possession of narcotics with intent to sell would necessarily be called into question.  See Azor v. City of New York, No. 2012 WL 1117256, at *3 (E.D.N.Y. Mar. 30, 2012) (holding that Fourth Amendment claim for unlawful search and seizure that produced weapon barred by Heck) (citing cases).  The plaintiff does not indicate that his conviction was reversed, expunged, invalidated, or called into question by a writ of habeas corpus.  Thus, his claims are barred by Heck.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     The complaint is DISMISSED pursuant to 28 U.S.C. § 1915A.

(2)     The Clerk is directed to enter judgment and close this case.

**SO ORDERED**.

Dated this 10th day of December, 2012, at New Haven, Connecticut.

                                                                   /s/ Janet C. Hall
                                                                   Janet C. Hall
                                                                   United States District Judge