UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HAFI A. EDGE, : | |
|     Plaintiff, : | |
| : | PRISONER CASE NO. |
| v. : | 3:12-cv-1075 (JCH) |
| : | |
| CITY OF BRIDGEPORT, et. al., : | JANUARY 7, 2013 |
|     Defendants. : | |

### RULING ON MOTION FOR RECONSIDERATION [Doc. No. 8]

The plaintiff filed a civil action claiming that the defendants unreasonably searched and seized him in violation of his Fourth and Fourteenth Amendment rights. On December 11, 2012, the court dismissed the complaint as barred under the holding in Heck v. Humphrey, 512 U.S. 477 (1994). The plaintiff now asks the court to reconsider that ruling and set aside the judgment in this case.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007).

The plaintiff confirms that he was convicted on the charges for which he was arrested and that he has a pending state habeas action challenging that conviction on the same grounds he asserted in this action. These statements support the court's decision that this action is barred. The plaintiff has not identified any facts or law that

would cause the court to question the prior decision.  Nor has the plaintiff's conviction been set aside.  See Harvey v. Waldron, 210 F.3d 1008, 1015 (2d Cir. 2000), overruled on other grounds, Wallace v. Kato, 549 U.S. 384 (2007) (permitting section 1983 claims of illegal search and seizure of evidence on which criminal charges are based once a conviction based on those charges is set aside); Esquibel v. Williamson, 421 Fed. App'x 813, 816 (10th Cir. 2010) (noting that Heck's disallowance of section 1983 claims is inapplicable if "the conviction has been set aside").

The plaintiff's motion for reconsideration and to set aside the judgment in this case [**Doc. No. 8**] is **DENIED**.

**SO ORDERED.**

Dated this 7th day of January 2013, at New Haven, Connecticut.

                    /s/ Janet C. Hall
                    Janet C. Hall
                    United States District Judge